The Chief Justice
delivered the opinion.
This was a motion made by Scott the late sheriff of Clarke county, against his deputy and securities, for money collected by the deputy on execution, and which the deputy failed to pay. The notice was served upon some of lha defendants named in the motion, and others were returned no inhabitants of the county. As to the latter, the motion was abated, and against the others the judgment was entered. that they ‘‘being duly warned, were solemnly called, “but came not, therefore it is considered by the court, that “the plaintiff recover of the said defendants six hundred “and four dollars and thirty-eight cents, with 15 per eent-“um per annum from the 28th of March, 1819, being the “amount of an execution.” Which is then recited as stated in the notice.
To this judgment the defendants, against whom it was rendered, prosecute this writ of error.
It is objected, by the assignment of error, that the judgment was improperly given against tbe plaintiff's in error, because they made default without requiring of the plaintiff' below any proof of bis claim.
This objection, we think, is well founded. We are aware of no law which authorises a judgment Upon motion *° taken by default of an appearance by the defendants, and the judgment in this case plainly imports to be so taken. The court may no doubt proceed, in the absence of defendants, when they bave been duly notified, to hear and determine the cause; and where it appears that such wras the case, we would unquestionably be bound to presume that tbf judgment rendered was authorised by the evidence, without spreading it at large upon the record. But in this case there is no suggestion that the cause was heard or tr'e<^ 00 ev'^ence> and there is nothing, therefore, to create a presumption that the evidence was sufficient to justify the judgment.
Every judgment is a conclusion of law from the premises; and if the premises are not sufficient to warrant the conclusion, the judgment must be erroneous. Here the premises are, that the defendants “being duly warned, were solemnly railed, but came riot,” and the conclusion immediately follows, “therefore it is considered by the court that *173 tbe plaintiff recover,” When the judgment is thus marie to follow as a conclusion from the premises stated, we cannot presume that there were other premises which were not stated; for that which does not appear, cannot be supposed to exist, according to the maxim, “denon apparentibus el non extslenlibus eitdem est ratio." The recital which af-terwards follows in the judgment, cannot supply the want of proper premises, in fact the recital is nothing more than was contained in the notice, as was personal!} known to the court, and was obviously intended only to state for What the judgment was rendered, and not to state the evidence Upon Which it was founded. A majority of the court (Judge Mills dissenting,) are therefore of opinion, that the judgment musí be taken to have been rendered for the default of the defendants in the circuit court in not appearing, and that it is consequently erroneous.
Hardin for plaintiff, Crittenden for defendant.
Other objections are taken by the assignment of error; but we are unanimously of opinion that they cannot be sustained
Tbe judgment must be reversed with costs, and the cause remanded for new proceedings to be had not inconsistent herewith.